IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00787-LTB

MATTHEW ALAN SMITH,

    Plaintiff,

v.

UNITED PARCEL SERVICE,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

    This matter is before the Court on the Motion to Reconsider Claims (ECF No. 9) filed *pro se* by Plaintiff, Matthew Alan Smith, on July 30, 2015.  Mr. Smith asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 7) and the Judgment (ECF No. 8) entered in this action on April 23, 2014.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Because Mr. Smith's motion to reconsider was filed more than twenty-eight days after the Judgment was entered on April 23, 2014, the Court will consider the motion pursuant to Fed. R. Civ. P. 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed

after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because the amended complaint Mr. Smith filed on March 28, 2014, did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Court noted that Mr. Smith failed in the amended complaint to identify the statutory authority that allows the Court to consider his claims, he failed to identify the specific claims he was asserting, and he failed to allege specific facts in support of his claims.

Mr. Smith does not contend in the motion to reconsider that his amended complaint provided a short and plain statement of the grounds for the Court's jurisdiction or a short and plain statement of his claims showing he is entitled to relief as required by Rule 8. Instead, he attempts to identify the claims he would like the Court to consider in this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Smith fails to demonstrate any extraordinary reason why the Court should reconsider and vacate the order to dismiss this action. Even assuming Mr. Smith were to provide a short and plain statement of the claims he intended to pursue in this action, which he still has not done, he fails to demonstrate the existence of any reason why the Court should reopen an action that was dismissed without prejudice more than a year ago in order to consider those claims. Accordingly, it is

ORDERED that the Motion to Reconsider Claims (ECF No. 9) is DENIED.

DATED at Denver, Colorado, this  3rd  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court